

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL



This Opinion
Overrules Opinion
O-1142

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:                    Attention:  Mr. F. L. Wilson

Opinion No. O-1569
Re: Whether sale of gasoline
to an independent school
district by a trustee
of said district to be
used in a school bus is
a violation of the Penal
Code and whether said
trustee can be removed
from office under provi-
sions of Articles 5970
and 5973, R.C.S., 1925.

We received your letter of October 18, 1939,
requesting our opinion on the following questions:

1.    Is the sale of gasoline to an indepen-
dent school district by a trustee of said
district to be used in a school bus a violation
of the Penal Code?

2.    Can said trustee be removed from office
under the provisions of Articles 5970 and 5973,
R. C. S., 1925?

It is well settled in Texas that if a public
official directly or indirectly has a pecuniary in-
terest in a contract, no matter how honest he may be,
and although he may not be influenced by the interest,
such a contract is against public policy. See Meyers,
et al v. Walker, et al, 276 S. W. 305.  On June 15,
1939, the Attorney General's Department rendered Opinion

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Forrester Hancock, page 2

No. O-878, holding that board of trustees of an independent school district cannot legally purchase fuel from a corporation wherein one of the nominal stockholders and officers of the corporation is a member of the board of trustees. We believe this opinion is equally applicable to the facts set out in your letter.

You also state in your letter that Article 373, Penal Code, does not obtain as this article applies only to county or city officers receiving emoluments from their position. Article 373, Penal Code, reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, ally or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

We are unable to agree with your contention that a person must receive some emolument from his office in order to be a county, city or town officer within the meaning of Article 373, supra. We believe that a careful reading of the statute will disclose that no such condition is interposed.

We call your attention to the following cases holding that a school trustee is a county officer: Scherz v. Telfer, 74 S. W. (2d) 327; Hendericks v. State, ex rel Eckford, 49 S. W. 705; Fowler, et al v. Thomas, et al, 275 S. W. 253. These cases, however, dealt with

Honorable Forrester Hancock, page 3

civil rights and interpretation of different statutes.

We also call your attention to the case of Rigby v. State, 27 Court of Appeals 55, 10 S.W. 760, wherein the court uses the following language in construing what is now known as Article 373, Penal Code:

"Our construction of the statute is that it inhibits any officer of a county, city or town from selling to or purchasing from such corporation any property whatever."

After determining whether or not a school trustee is a county officer within meaning of Article 373, supra, we are still faced with the proposition of determining whether an independent school district is a county, city or town within the meaning of said Article. The statute makes it unlawful for an officer of a county, city or town to sell gasoline to said county, city or town but the statute does not make it unlawful for said officer to sell gasoline to an independent school district.

It was held in the case of Hall v. State, 80 Texas Criminal Reports 109, 188 S. W. 1002, that a treasurer of an independent school district could not be prosecuted under Article 1580, Revised Criminal Statutes of 1911, which reads:

"Any county or city treasurer, or treasurer of the school of each city or town having exclusive control of its schools, failing to make and transmit the report required by law, * * * shall be deemed guilty of a misdemeanor, * * *"

The Hall case, supra, holds that a treasurer of an independent school district was not included within the term, "any county treasurer". Following the same line of reasoning, one selling gasoline to an independent school district is not selling it to a county, city or town.

Since Article 373, supra, is a penal statute, we are of the opinion that it cannot be construed to make

Honorable Forrester Hancock, page 4

it unlawful for a person to sell gasoline to an independent school district when such person is a trustee of said school district. Our courts have consistently held that penal statutes cannot be extended beyond their plain meaning. In the case of Ratcliff v. State, 106 Tex. Crim. Rep. 37, the following language is quoted from Lewis Sutherland Statutory Construction, Section 520:

> "The case must be a very strong one indeed which would justify a court in departing from the plain meaning of the words, especially in a penal act, in search of an intention which the words themselves did not suggest."

We conclude that the sale of gasoline by a person to an independent school district, such person being a trustee of said school district, to be used in a school bus is not in violation of Article 373, Penal Code, notwithstanding that the contract is void as against public policy. We may say further that we have been unable to find any article in the Penal Code which would make this act a crime.

Your letter further raises the question whether or not the said trustee can be removed from office under the provisions of Articles 5970 and 5973, R. C. S., 1925.

Art. 5970, supra, reads, in part, as follows:

> ". . . all county officers now or hereafter existing by authority either of the constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct. . ."

Art. 5973, supra, reads as follows:

> "By 'official misconduct,' as used herein with reference to county officers, is meant any unlawful behavior in relation to the duties of his office, wilful in its character, of any officer entrusted in any manner with the administration of justice, or the execution of the laws; and includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law."

Honorable Forrester Hancock, page 5

A trustee of an independent school district is a county officer within the meaning of Article 5970, supra; Hendericks v. State, 80 C. A. 178, 49 S. W. 705.

It is a well established rule, even in the absence of a statute, that one in his official capacity cannot deal with himself in his individual capacity. This was the rule at common law and is the law in Texas. See Meyers v. Walker, 276 S. W. 305, and authorities cited therein.

In the Meyers case, supra, the Court of Civil Appeals at Eastland used the following language:

"It is but fair that the public money should be spent in the manner and way provided by law. These safeguards in letting contracts were not provided with the thought that the public official was corrupt, but that, in the expenditure of public money, the strictest requirement should be followed. Our lawmakers were wise in trying, not only to remove temptation, but to place the public official even above the suspicion of wrongdoing. The idea of keeping the public in the confidence of the official would bring co-operation and loyalty in the administration of government and enforcement of law, and these principles underlie the security of our government. The old adage, 'Honesty is the best policy', would well be worn on the doorsteps of every home and in the heart of every serving person. If our government survives, it will be by reason of the confidence in the honesty of the officials and the fidelity of the people. The way to keep confidence is to abhor that which tends to evil and cleave to the right."

In Cheney v. Unroe, 166 Ind. 550, 77 N.E. 1041, 117 Am. St. Rep. 391, the court quoted with approval from Dillon, Municipal Corporations, the following:

"'It is a well-established and salutary doctrine,' says a distinguished author, 'that he who is entrusted with the business of others cannot be allowed to make such business an object of pecuniary profit to himself.' This rule

Honorable Forrester Hancock, page 6

does not depend on reasoning technical in
its character, and is not local in its
application. It is based on principles
of reason, of morality, and of public
policy. It has its foundation in the very
constitution of our nature, for it has been
authoritatively been declared that a man
cannot serve two masters, and is recognized
and enforced wherever a well-regulated
system of jurisprudence prevails.'"

In State v. Windle, 156 Ind. 648, 59 N.E.
276, the court uses the following language:

"The general rule, applicable to pri-
vate fiduciaries, prohibiting them from
taking advantage of their position to make
profit for themselves out of the trust
estate, should be strictly enforced against
public officers who are guilty of similar
malfeasance."

It is not necessary for a public officer to
be charged or convicted of a crime in order to be re-
moved from office for misconduct. In Kesling v. Moore,
135 S. E. 246, the defendants, school trustees, were
found guilty of "misconduct in office" in that they
became pecuniarily interested in contracts to sell ma-
terials to the school and to perform services for the
school. The court defined "misconduct in office" to
be any unlawful behavior by a public officer in rela-
tion to the duties of his office, willful in character.
Notwithstanding the fact that this offense was made
illegal by statute, the court said:

"Manifestly the purpose of the statute
was to protect the public. The finding that
defendants committed certain acts prohibited
by statute, does not convict them of the
criminal offense created by the statute. . .
But the acts charged to constitute unlawful
behavior in their official capacity."

In the case of Howard v. Gulf, C. and S. F.
Ry. Co., 135 S. W. 707, it was said by the Court of
Civil Appeals that the antedating of certain papers by
the clerk of the district court would render such clerk
subject to removal from office for official misconduct.

Honorable Forrester Hancock, page 7

The court said that the clerk could be removed under provisions of Art. 3531, Rev. St., 1895. Insofar as the question involved is concerned, Art. 3531, supra, and Art. 5970, supra, are identical and the term "official misconduct", was defined at that time by Art. 3534, Rev. St., 1895, in the same language as it is now defined by Art. 5973, supra.

In holding that the acts committed by the clerk amounted to official misconduct, the court said:

"And when, without the consent of both litigants, and for the purpose of securing to one of them a right which he otherwise would not have, that officer wilfully misdates his file mark, he commits an act which is a fraud upon the other party and constitutes gross official misconduct, and which he can and should be removed from office, . . ."

In the case of Reeves v. State, 258 S.W. 577 (Reversed on other grounds, 267 S.W. 666), the court defines the word "willful" as is used in Art. 5973, R. C. S., 1925, as follows:

"The word 'willful' is used in the sense of a conscious and intentional failure or refusal to perform or keep inviolate any duty imposed on that officer."

We conclude that a school trustee who has sold and knowingly continues to sell gasoline to said school district, of which he is a trustee, is subject to removal from office under the provisions of Art. 5970 and 5973, supra.

We trust that this opinion will satisfactorily answer your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Glenn R. Lewis
Assistant

APPROVED DEC 9, 1939

_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

By _____
Lee Shoptaw

LS: jm